# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMUEL MATURO** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  20-1464** |
| | : | |
| **RICHARD PUGH,** *et al.* | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                    **July 16, 2020**

Robert Cooper drove his motor vehicle into Samuel Maturo's motor vehicle. The collision caused Mr. Maturo to lose consciousness and suffer a fracture and several sprains. Richard Pugh employed Mr. Cooper at the time of the collision.  Mr. Maturo now sues both the employer (Mr. Pugh) and employee (Mr. Cooper) for Mr. Cooper's driving decision claiming negligence and recklessness.    Messrs. Pugh and Cooper move to partially dismiss Mr. Maturo's recklessness claim. Persuaded by the sound reasoning of several judges in our Circuit in similar claims as to state of mind proofs for recklessness subject to discovery and possible summary judgment review, we deny Defendants' motion.

## I.    Plead facts

Robert Cooper operated motor vehicles in "the course of his employment" for Richard Pugh.[1]  On March 15, 2018, Mr. Maturo travelled eastbound and Mr. Cooper travelled westbound down the same road and toward the same intersection.[2] Mr. Cooper "negligently and carelessly" proceeded through the intersection and "made an improper left hand turn" as Mr. Maturo approached the intersection.[3] Mr. Maturo collided with Mr. Cooper's vehicle causing him to suffer "internal and external injuries" including "abrasion[s,]" "loss of consciousness" and a bone fracture.[4] Mr. Cooper drove his vehicle "at a high and excessive rate of speed," did not keep his

vehicle "under proper and adequate control, "violated state and county "ordinances and laws . . . and statutes" and acted "without due regard for [Mr. Maturo's] rights[.]"[5]

## II.    Analysis

Mr. Maturo sued Mr. Pugh and Mr. Cooper for negligence and recklessness in operating a motor vehicle on March 15, 2018.  Mr. Pugh and Mr. Cooper move to dismiss Mr. Maturo's recklessness claim.[6] They argue recklessness claims require pleaded specific facts about the defendant's state of mind and Mr. Maturo did not allege Mr. Cooper's state of mind.[7]

The issue is whether Mr. Maturo must plead specific facts about Mr. Cooper's state of mind to state a recklessness claim. Recklessness claims in tort suits are, in a way, claims for punitive damages.[8] A plaintiff succeeds on a punitive damages claim if he can demonstrate the defendant acted "outrageous[ly], with an "evil motive" or the defendant exhibited a "reckless indifference to the rights of others."[9] A defendant acts recklessly if they "act or intentionally fail[] to do an act" and thereby "create[] an unreasonable risk of physical harm to another" beyond the risk normally created by negligence.[10]  A punitive damage award depends on the defendant's state of mind.[11]

Judges in the our Circuit often hold a plaintiff alleging a recklessness claim survives the pleading stage because dismissal is "premature."[12] Judge Carlson denied a motion to dismiss a recklessness claim when presented with similar facts.[13] In *Alexander v. Western Express*, the parties approached the same intersection from opposite directions and sustained a vehicle collision.[14] The plaintiff claimed the defendant engaged in "reckless[]" conduct by turning left without "a directional [stoplight.]"[15] Judge Carlson denied the motion to dismiss the recklessness claim because the defendant's "state of mind . . . cannot be resolved on the pleadings alone[.]"[16]

The relative specificity of a  recklessness claim does not warrant dismissal.[17] The plaintiff in *Kerlin v. Howard* alleged the defendant acted "recklessly" by driving his vehicle in front of him

and "causing a violent collision."[18] Judge Brann considered the allegations to be "vague" and "conclusory[,]" but followed the weight of authority in our Circuit and allowed the recklessness claim to proceed into discovery.[19] Judge Brann found the allegations sufficient and discovery appropriate to "specifically" determine the facts showing the state of mind necessary for a recklessness claim.[20]

We are also aware of dismissals of punitive claims in vehicular collision tort suits.[21] The defendant in *Elmi v. Kornilenko* crashed into the plaintiff while trying to pass on the highway.[22] The plaintiff alleged a punitive damages claim by arguing the defendant's attempt to pass evinced "reckless, willful[,] wanton, and/or outrageous conduct" and the defendant moved to dismiss.[23] Judge Gibson granted the defendant's motion and focused his inquiry on whether defendant engaged in "outrageous" conduct.[24]

We follow the weight of authority in our Circuit and deny Mr. Pugh's and Mr. Cooper's partial motion to dismiss Mr. Maturo's recklessness claim. Mr. Maturo's allegations are similar to those considered by Judge Carlson in *Alexander* as they involve defendant's allegedly making improper left-hand turns across traffic.[25] Mr. Maturo's allegations are similar in depth to those considered by Judge Brann in *Kerlin* as he alleges the defendant acted recklessly without pleading specific facts regarding the defendant's state of mind at the time of the collision.[26] The plaintiffs in both *Alexander* and *Kerlin* proceeded beyond the pleading stage.[27] We choose not to follow Judge Gibson's reasoning in *Elmi v. Kornilenko* because Mr. Maturo grounds his punitive damages claim in recklessness, not outrageousness.[28]

### III.     Conclusion

Mr. Maturo does not need to plead specific facts about Mr. Cooper's reckless state of mind as this state of mind inquiry is best suited for discovery.  We deny Mr. Pugh's and Mr. Cooper's motion to dismiss Mr. Maturo's recklessness claim.

---

[1] ECF Doc. No. 3 at ¶ 6.

[2] *Id.* at ¶¶ 7-8.

[3] *Id.* at ¶ 8.

[4] *Id.* at ¶¶ 8, 10.

[5] *Id.* at ¶ 9.

[6] ECF Doc. No. 9 at p. 4. Our review of a complaint subject to a Rule 12(b)(6) motion requires us to consider all of the plaintiff's "factual allegations as true, construe the complaint in the light most favorable to the plaintiff" and decide if the plaintiff has stated a claim for relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). We emphasize the plaintiff must allege "more than labels and conclusions" and actually plead facts in their complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff fails to advance past the pleading stage if the complaint contains only a "formulaic recitation of the elements" of their claim. *Id.* The complaint need not include facts which undeniably establish the cause of action but must include "enough" to state a plausible claim for relief. *Id.* at 570. The factual allegations in the complaint must be strong enough for us to "draw a reasonable inference" the plaintiff is entitled to relief. *Fowler*, 578 F.3d at 210.

Our Court of Appeals established a three-prong test for reviewing a complaint subject to a Rule 12(b)(6) motion. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780 (3d Cir. 2016). We must assess the "elements" of the plaintiff's claims, discard statements which "are no more than conclusions," and take all "well-pleaded factual allegations" from the complaint as true to determine whether the plaintiff has stated a claim for relief. *Id.* at 787. Moreover, the complaint does not need to establish a *"prima facie* case" at the pleading stage. *Id.* at 789.

[7] *Id.* at p. 6.

[8] *See Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984).

[9] *Id.* (quoting *Chambers v. Montgomery*, 192 A.2d 355 (Pa. 1963)).

[10] *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 771 (Pa. 2005) (quoting RESTATEMENT (SECOND) OF TORTS § 500).

[11] *Feld*, 485 A.2d at 748.

[12] *Alexander v. W. Express*, No. 19-1456, 2019 WL 6339907, at *9 (M.D. Pa. Oct. 18, 2019); *Kerlin v. Howard*, No. 18-481, 2018 WL 4051702, at *2 (M.D. Pa. Aug. 24, 2018); *Wydra v. Bah*, No. 15-1513, 2016 WL 297709, at *2 (M.D. Pa. Jan. 22, 2016); *Cobb v. Nye*, No. 14-865, 2014 WL 7067578, at *4 (M.D. Pa. Dec. 12, 2014); *Young v. Westfall*, No. 06-2325, 2007 WL 675182, at *2 (M.D. Pa. Mar. 1, 2007).

[13] *Alexander*, 2019 WL 6339907.

[14] *Id.* at *1.

[15] *Id.*

[16] *Id.* at *9.

[17] *Kerlin*, 2018 WL 4051702.

[18] *Id.* at *1.

[19] *Id.* at *2.

[20] *Id.*

[21] *Carson v. Tucker*, No. 20-399, 2020 WL 1953655 (E.D. Pa. Apr. 23, 2020); *Babenko v. Dillon*, No. 19-199, 2019 WL 3548833 (E.D. Pa. Aug. 5, 2019); *Elmi v. Kornilenko*, No. 17-177, 2018 WL 1157996 (W.D. Pa. Mar. 2, 2018).

[22] *Elmi*, 2018 WL 1157996, at *2.

[23] *Id.* at *1.

[24] *See id.* at *3-5 (citing to state and federal decisions based on examination of whether defendant exhibited "outrageous" conduct).

[25] ECF Doc. No. 3 at ¶¶ 7-8; *Alexander v. W. Express*, No. 19-1456, 2019 WL 6339907, at *1 (M.D. Pa. Oct. 18, 2019).

[26] ECF Doc. No. 3 at ¶ 9; *Kerlin v. Howard,* No. 18-481, 2018 WL 4051702, at *2 (M.D. Pa. Aug. 24, 2018).

[27] *Alexander* at *9; *Kerlin* at *2.

[28] ECF Doc. No. 3 at ¶ 9; *Elmi*, 2018 WL 1157996, at *3-5.